OPINION OF THE COURT
Per Curiam.
Order rendered March 18, 1985 unanimously reversed, on *883 the law, defendants’ motions to dismiss denied, and the informations are reinstated.
In People v Clark (27 NY2d 512 [1970]), the defendants therein argued in the Court of Appeals that the jostling statute (Penal Law § 165.25) is unconstitutionally vague and unconstitutional as violative of due process in that it fails to require proof of culpable criminal intent to commit larceny. The court unanimously affirmed the judgments of conviction, necessarily rejecting the constitutional challenges to the statute, albeit without opinion. The determination in Clark remains binding and is dispositive of the constitutional objections raised by defendants in these proceedings. "A unanimous affirmance without opinion by the Court of Appeals of a conviction based upon a certain statute constitute^] a precedent with respect to the constitutionality of that statute, where the question of constitutionality was raised by the briefs upon appeal” (29 NY Jur 2d, Courts and Judges, § 486, at 257). Moreover (as recognized below), courts of original jurisdiction should not ordinarily set aside a statute as unconstitutional, particularly in a case where the Court of Appeals has explicitly, or even implicitly, upheld the validity of the statute (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a]).
The component elements of the crime of jostling do not expressly include the element of specific intent to steal or commit larceny (see, e.g., 2 CJI [NY] PL 165.25 pp 1028-1033), and we do not construe the affirmance, without opinion, in Clark sustaining the statute’s constitutionality as adding this element to the statute.
Hughes, P. J., Riccobono and Ostrau, JJ., concur.